ALEXANDER SCHIRMER, Respondent, v. JOHN D. KLINE, Defendant, Impleaded with CHARLES H. VAN BUREN and SAMUEL W. DAY, Appellants.

Third Department, December 28, 1917.

**Pleading — action against stockbrokers for alleged conversion of certificate of stock — bill of particulars.**

Where a complaint alleges the conversion by the defendant stockbrokers of a certificate of stock, the property of the plaintiff, and the refusal of said defendants to return the same upon demand, and their answer admits the demand upon and refusal by them and denies every allegation of the complaint except as to the acts, omissions and transactions of another defendant, a stockbroker, as to which they deny any knowledge or information sufficient to form a belief, said defendants are entitled to be informed in advance of the trial by a bill of particulars as to what were the particular acts upon their part or upon the part of any other person or persons which plaintiff claims constituted a conversion, and if committed by any other person when and where committed and what were the relations which plaintiff claims existed between them and such other person.

APPEAL by the defendants, Charles H. Van Buren and another, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Ulster on the 5th day of October, 1917, denying their motion for a bill of particulars.

*Sullivan & Cromwell* [*Emery H. Sykes* and *Laurence A. Crosby* of counsel], for the appellants.

*Brinnier & Canfield* [*Palmer Canfield, Jr.,* of counsel], for the respondent.

LYON, J.:

The cause of action set forth in the complaint consists of a single sentence alleging the conversion by the defendants of a certificate of stock of the Brooklyn Rapid Transit Company, the property of the plaintiff, of the value of $1,000, and the refusal of the defendants to return the same upon demand. The answer of the defendants Van Buren and Day admits the demand upon and refusal by them, and denies

every allegation of the complaint except as to the acts, omissions and transactions of the defendant Kline, as to which it denies any knowledge or information sufficient to form a belief. At the time of the alleged conversion, the defendants Van Buren and Day were stockbrokers in the city of New York, and the defendant Kline was a stockbroker having an office at Kingston, N. Y., and is alleged to have failed and ceased to do business. In the moving affidavits Van Buren and Day state that Kline was not in any sense their partner or agent, nor did he act jointly with them, but that they acted as his agents and brokers in the transactions which he saw fit to place with them. The moving affidavit also states that Van Buren and Day have no knowledge or information upon what acts or omissions, whether upon their part or upon the part of Kline, the plaintiff predicates his cause of action, but assume the plaintiff will claim that he was a customer of Kline, although they have no knowledge or information sufficient to form a belief as to the relations of the plaintiff with Kline, or as to the state of account between plaintiff and Kline, or as to any of the transactions between them, or as to what plaintiff will claim to be the facts in reference to the items of particulars set forth in the moving affidavits.

We think the defendants Van Buren and Day are entitled to be informed in advance of the trial as to what were the particular acts upon their part, or upon the part of any other person or persons which plaintiff claims constituted a conversion; and if committed by any person other than Van Buren and Day, when and where committed, and what were the relations which plaintiff claims existed between such person or persons and Van Buren and Day.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to the appellants, and the motion granted to the extent above indicated, with ten dollars costs to the appellants.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent indicated in the opinion, with ten dollars costs.